**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-5704-JFW(JCx)** | Date: August 4, 2023 |
| Title: | Joshua Puente -v- TPX Transportation, LLC, et al. | |

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

    On April 19, 2023, Plaintiff Joshua Puente ("Plaintiff") filed a Complaint against Defendants TPX Transportation LLC, dba Dynamic Transport ("TPX") and Lloyd Leon Wetzel ("Wetzel") (collectively, "Defendants") in Los Angeles County Superior Court.  On July 14, 2023, Defendants filed a Notice of Removal Under 28 U.S.C. § 1441  ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the parties invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.   In this case, Defendants fail to properly allege the citizenship of TPX.  For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894,

899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Although TPX is a limited liability company, Defendants fail to allege the citizenship of any of TPX's members.

In addition, it is unclear on what basis Defendants assert that Wetzel is not a citizen of California.  *See* Notice of Removal at ¶ 7 ("Upon information and belief, at the time this action was filed and at the time this Notice of Removal is filed, Lloyd L. Wetzel was not a citizen of California."). In the Rule 26(f) Joint Report filed on August 2, 2023, the parties state:

> Lloyd L. Wetzel ("Wetzel") is not a California resident.  Wetzel was served via substituted service on July 27, 2023 at the home address indicated in his California driver's license, which is the same home address to which his vehicle is registered, which is the vehicle involved in the collision.

However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  In determining an individual's domicile, courts consider a number of factors, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Both Wetzel's driver's license and car registration indicate that Wetzel's domicile may be in the State of California.

Accordingly, Defendants hereby ordered to show cause, in writing, no later than **August 11, 2023**, why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.